UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 2:22-CR-00052-JRG |
| | ) | |
| LESLIE DANIELLE BETHEA | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Leslie Danielle Bethea's motion for sentence reduction pursuant to Amendment 821 to the United States Sentencing Guidelines [Doc. 69]. Defendant submitted exhibits in support of the motion [Doc. 71], which she asks the Court to file under seal [Doc. 70], as well as a supplemental exhibit [Doc. 73]. The United States responded in opposition. [Doc. 72]. As a preliminary matter, the motion for leave to file under seal [Doc. 70] is **GRANTED**. As discussed below, Defendant's motion for sentence reduction will also be granted.

### I.   BACKGROUND

In August 2022, Defendant pled guilty to wire fraud in violation of 18 U.S.C. § 1343 and making a false statement in violation of 18 U.S.C. § 1001. [Docs. 21, 26]. At sentencing, Defendant had five criminal history points and two "status points," resulting in a total criminal history score of seven and a criminal history category IV. [Doc. 44 ¶¶ 62–64; Doc. 58 at 1]. With a total offense level of 21, Defendant's guideline range was 57 to 71 months. [Doc. 58 at 1]. The Court sentenced her to a net effective sentence of 66 months to be served consecutively with a 12-month sentence she received for violation of her supervised release in Case No. 2:18-CR-25. [Doc. 57 at 2]. Her expected release date after serving both federal sentences is in August 2027. *See* Inmate Locator, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (accessed May 5, 2025).

### II.  LEGAL STANDARD

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed . . . but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011) (internal citation omitted). One exception to this rule is found in 18 U.S.C. § 3582(c)(2), which permits courts to reduce the sentence of a prisoner who was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" if such a reduction is consistent with Sentencing Commission policy statements and § 3553(a) factors.

When deciding a § 3582(c)(2) motion, courts engage in a two-step analysis. *Dillon v. United States*, 560 U.S. 817, 826 (2010). First, the court determines whether the defendant is eligible for a sentence reduction. *Id.* at 827. At this step, the Court must verify that a reduction is consistent with U.S.S.G. § 1B1.10 and calculate the amended guideline range that would have applied to the defendant if the relevant amendment had been applied at the time of her sentencing. *Id.* If the defendant is eligible for relief under § 3582(c)(2), the court then proceeds to the second step, which requires the court to consider whether, and to what extent, a sentence reduction is warranted. *Id.* The court makes this assessment by considering the factors set forth in 18 U.S.C. § 3553(a) and any relevant policy statements. § 3582(c)(2).

## III. DISCUSSION

Part A of Guideline Amendment 821, which went into effect February 1, 2024, applies retroactively. This Amendment limits the impact of "status points"—i.e. extra criminal history points defendants are assigned for committing the instant offense while under a criminal justice sentence—on a defendant's criminal history calculation. *See* U.S.S.G. § 4A1.1(e). Individuals with seven or more criminal history points receive only one status point if they committed an offense

while under a criminal justice sentence. *Id.* Status points are eliminated altogether for individuals whose criminal history points total six or fewer. *Id.*

It is undisputed that Defendant is eligible for a sentence reduction under Amendment 821. Under the Amendment, both of her status points are removed, resulting in a criminal history score of five and criminal history category of III, instead of IV. *See* U.S.S.G. § 5A. The amended guideline range is 46 to 57 months. *Id.* Hence, the lowest authorized reduction is a sentence of 46 months. However, as the United States points out, Defendant was originally sentenced just above the middle of her original guideline range. And a comparable reduction would result in a sentence of approximately 53 months. [*See* Doc. 72 n. 2].

Since Defendant is eligible for relief, the Court must determine whether and to what extent a sentence reduction is warranted. Defendant asks the Court to reduce her sentence to 46 months, or alternatively, to a term no greater than 52 months. [Doc. 69 at 1]. In support of that request, she shows that she has received excellent work evaluations and made regular payments toward her outstanding restitution. [Doc. 71-3 at 10; Doc. 73-1 at 2]. She has also become involved in Christian ministries and completed some educational programming. [Doc. 71-3 at 1–9; Doc. 71-2]. However, as Defendant acknowledges, she has incurred three disciplinary sanctions: refusal to obey an order in February 2024; introduction of suboxone (a charge that Defendant denies) in October 2023; and failing to "stand count" in April 2023. [Doc. 69-2 at 1; Doc. 73-1 at 1]. The United States maintains that in light of Defendant's disciplinary record and the seriousness of her offenses, no sentence reduction is warranted. [Doc. 72 at 7].

As the Court emphasized at sentencing, Defendant's criminal conduct was egregious. Defendant engaged in, and involved others in, a fraudulent scheme to obtain government-backed loans intended to help small businesses during the recent pandemic. [Doc. 44 at ¶¶ 8–28]. And she

3

did so less than six months after she completed her custodial sentence for a wire-fraud conspiracy. Because of the seriousness of Defendant's offenses, the Court does not find that a sentence of 52 or even 57 months will afford adequate deterrence and promote respect for the law. However, given that Defendant has now sustained a substantial period of good behavior since her last infraction and taken steps toward her rehabilitation, some sentence reduction is appropriate. The Court will therefore reduce Defendant's sentence to a total term of 60 months. This sentence is somewhat above the amended guideline range and is sufficient but not greater than necessary to meet the goals of sentencing outlined in § 3553(a).

### IV. CONCLUSION

For the reasons stated above, Defendant's motion [Doc. 69] is **GRANTED**. An appropriate judgment order will enter.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE